## BAVIS *v.* FONTE

[No. 67, September Term, 1965.]

124

*Decided January 5, 1966.*

*Motion to modify opinion filed February 1, 1966, granted February 10, 1966, and opinion modified.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, BARNES and McWILIAMS, JJ.

*James R. White* and *A. David Gomborov,* with whom were *Silbert & Gomborov* on the brief, for appellant.

*T. Benjamin Weston,* with whom were *Rollins, Smalkin, Weston & Andrew* on the brief, for appellee.

PRESCOTT, C. J., delivered the opinion of the Court.

The facts involved in this appeal are not complex, and the issue presented is a narrow one.

The original suit was filed against the appellee and the Commissioner of Motor Vehicles. This appeal involves only the claim against Fonte. Plaintiff was a guest passenger in an automobile owned and operated by the appellee, who had been proceeding at a reasonable speed and driving cautiously. Suddenly, while driving along a 40-foot wide one-way, well-lighted street in Baltimore City on a wet, cloudy morning, the driver-defendant, at about 2:10 a.m. on April 8, 1962, failed to negotiate a slight curve, struck the right curb, went over the curb (nearly seven inches high) and a sidewalk of some thirteen feet in width, and crashed into an electric light pole located about 62 feet from where the vehicle had struck the curb. Plaintiff and the operator were the only occupants of the car at the time of the accident, which resulted in personal injuries to the plaintiff.

At the trial, plaintiff offered testimony in support of the above facts, and also introduced an oral statement made by the defendant to a police officer to the effect that an unidentified vehicle overtook him (Fonte) from the rear and forced him to his right where he hit and jumped the curb. The plaintiff testified he was sitting beside Fonte, talking with him and looking at him and the road, and he (the plaintiff), at no time, saw any car overtake and force Fonte into the curb. The defendant offered no testimony, but counsel moved for a directed verdict in his favor, which was granted, and the case taken from the jury.

Plaintiff disavows any reliance upon the doctrine of *res ipsa loquitur*.

The learned trial judge based her conclusion to take the case from the jury upon the fact that "the testimony fails to establish even the slightest scintilla of evidence of negligence on the part of the defendant Fonte * * *." With this conclusion we are unable to agree. Here, there was direct (as contradistinguished from inferential) testimony to the effect that defendant was driving his vehicle at a reasonable rate of speed upon a wide, well-illuminated, one-way street, and that he failed to negotiate an easy curve, struck and jumped a curb and his vehicle only came to rest after striking a pole. This evidence, we think, was sufficient to support a finding (if the jury decided to make such a finding) that the accident was caused by Fonte's

failure to keep a proper lookout or to have had his car under reasonable and proper control; hence, the case should not have been taken from the jury.

In making this ruling, we are not unmindful of the rule stated and found applicable in *Langville v. Glen Burnie Coach Lines, Inc.*, 233 Md. 181; namely,

> "[W]hen the plaintiff himself shows that the injury complained of must have resulted *either* from the negligence of the defendant *or* from an independent cause for the existence of which the defendant is in no way responsible, he cannot be permitted to recover *until he excludes the independent cause* as the efficient and proximate cause of the injury * * *." (Emphasis partly added.)

Of course, a party cannot impeach his own witness, but he can show that a witness, even though his own, made a mistake in the testimony given. *Proctor Electric Co. v. Zink*, 217 Md. 22. In the instant case, the plaintiff offered testimony, which, if believed by the jury, would have "excluded" the other negligent act that possibly or probably caused his injuries, i.e., the driver of an unidentified vehicle forced Fonte into the right curb. In this situation, the question as to whether the other negligent act had been "removed" was one for the jury under proper instructions from the court.

> *Judgment reversed and case remanded for a new trial; appellee to pay the costs.*