JOHNSON *v.* JACKSON, ET AL.

[No. 109, September Term, 1966.]

590

*Decided March 9, 1967.*

The case was submitted to HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and FINAN, JJ.

Submitted on brief by *Howard G. Reamer* for appellant.

Submitted on brief by *J. William Schneider, Jr.* and *Fanseen, Schneider & Hymes* for appellees.

FINAN, J., delivered the opinion of the Court.

On March 7, 1964, at approximately 4:00 p.m., the appellant, Isaiah Johnson, was standing facing the front of his car, which was parked in the alley in the rear of 2723 East Federal Street, Baltimore, Maryland, preparing to put oil in it, when he was knocked to the ground by a 1959 Buick, which had come

to rest against his vehicle. Some five or ten minutes previously, appellee Billie Jackson had parked the Buick, owned by the appellee William Jackson, in the alley behind the 2700 block of East Federal Street—some nine houses west of the appellant's car. The alley slopes downward from west to east, thus the appellant's vehicle was parked downhill from the Buick.

The appellant filed suit for personal injuries and property damage in the Superior Court of Baltimore City, alleging that the appellees, who were named as defendants, were negligent "in failing to comply with the law requiring vehicles parked on a perceptible grade to have the hand brake on, to have the front wheels turned to the curb * * * to stop the engine, and lock the ignition and remove the key; * * *." Appellant further charged that the appellees were negligent in allowing Dwyne Jackson, their minor nephew, of whom they had custody and control, "to play in the automobile, thereby causing said automobile to drift towards the plaintiff and cause the collision, * * *."

Appellees filed a motion for summary judgment. In his affidavit in support of his answer to the appellees' motion for summary judgment, appellant made oath as follows:

> "That suit has been filed by the Plaintiff herein, alleging that on March 7, 1964, he was struck by a vehicle which had been parked by the Co-Defendant, Billie Jackson, and which was owned by the Co-Defendant, William Jackson, after the vehicle was caused to start by Dwyne Jackson, the child of the Defendants George Jackson and Frances Jackson.
>
> * * *
>
> "The Affiant, Isaiah Johnson, avers he is competent to be a witness, and has personal knowledge of the facts herein stated."

The appellant also in answer to the "Defendants' Interrogatory No. 2," which requested the names of all eyewitnesses to the accident known to the appellant, listed the names and addresses of six individuals, all living in Baltimore, Maryland.

At the trial of the case the appellant, apparently relying on the doctrine of *res ipsa loquitur,* produced no witnesses other

than himself. He presented no proof as to the manner in which the appellees' car was parked and made no mention of the presence of any third party at, in, or near the appellees' Buick. Appellant confined his evidence to testimony establishing the fact that he was struck by the drifting car of the appellees, sustained extensive personal injuries and property damage to his vehicle, and that he himself did not in any way contribute to the happening of the accident.

However, he did relate in his testimony that, "* * * and just before I heard someone holler, 'Daddy', just as I was hit, I should say." This testimony is particularly significant in that it is indicative that within the knowledge of the appellant, someone other than the appellant, was present at or near the scene of the accident at the time that it occurred.

At the conclusion of the appellant's case appellees moved for a directed verdict which was granted. This appeal followed.

The question, before this Court on appeal, is whether or not the evidence introduced by the appellant presented a case for the application of the doctrine of *res ipsa loquitur*.

In the lower court Judge Grady gave the following reason in support of his action granting the appellees' motion for a directed verdict:

> "it seems to me that it is more probable, from the very nature of the circumstances surrounding the incident, that something occurred after the car was parked for five or ten minutes to start its motion, rather than that a car which had been motionless for five or ten minutes would start by itself. * * *. As I say, an automobile, unlike a pile of bricks or a pile of blocks, is subject to motion, and it seems to me that it is more probable that a car which has been at rest for a substantial interval of time was put in motion by the action of some force other than the weight of the car itself. Consequently, I don't think the jury can be permitted, in the absence of any specific act of negligence on the part of the owner, to pass on the question of whether this car was put in motion by some act of omission on the part of the driver who parked it.
>
> * * *

"I feel that in this case the Plaintiff has failed to show the kind of control over the vehicle, from the time it was parked to the time of the impact, which the doctrine of res ipsa loquitur requires. Consequently, a verdict will be directed in favor of the Defendants."

To paraphrase the comments of the trial judge, he thought that in viewing all of the evidence produced by the appellant, it was reasonable to assume that the parked vehicle, after having remained stationary on an incline for a period of from five to ten minutes, would not of its own accord have drifted downhill, unless an independent act of some third party had intervened, starting it in motion.

His comments also are pregnant with the thought that since the vehicle had remained stationary on the incline from five to ten minutes, there was no reasonable inference to be drawn from the facts indicating that the appellee Billie Jackson had been negligent in the manner in which she parked the vehicle.

This Court has repeatedly held, when considering the doctrine of *res ipsa loquitur,* that the doctrine will not apply when it appears that the injury may have been caused by the independent act of a third person or intervening cause. "* * * in such a situation, the plaintiff is not permitted to recover until he excludes the independent neglect of the third party as the efficient and proximate cause of the injury." *Frenkil v. Johnson,* 175 Md. 592, 605, 3 A. 2d 479, 484 (1939) ; *State v. Prince George's County,* 207 Md. 91, 104-05, 113 A. 2d 397, 403 (1955) ; *Coastal Tank Lines v. Carroll,* 205 Md. 137, 145-6, 106 A. 2d 98, 101 (1954).

It is interesting to note that the Restatement of the Law of Torts (Second) § 328 D, comment f (1965) p. 160, gives the following illustration as a situation calling for the application of the doctrine of *res ipsa loquitur.*

"5. A leaves his automobile parked on the side of a hill. Two minutes later the car runs down the hill and injures B. In the absence of other evidence, the explanation is possible that some meddling stranger has tampered with the car, or that it has been struck by another vehicle. It may, however, reasonably be in-

ferred that, more probably than not, the event occurred because of the negligence of A in parking the car."

The annotation in 16 A.L.R. 2d 979 titled "Liability for injury or damage caused by accidental starting up of parked motor vehicle" § 6 subtitled "Time elapsing between parking and starting up" enumerates examples covering the gamut of possibilities, commencing with the situation where the vehicle starts moving almost immediately after it is parked to an interval of several hours. Without elaborating in detail on the examples cited therein, it suffices to say that the length of time which the defendant's parked car remains in place before starting has been held to be a significant factor in determining whether or not defendant was negligent in parking the vehicle.

We have already stated that the appellant's testimony revealed the presence of a third person at the scene of the accident who shouted "daddy" immediately prior to, or simultaneous with, the appellees' vehicle striking the appellant. This forces the conclusion that there is a facet of this case, the knowledge of which was within the ken of the appellant, which he chose not to introduce in evidence. In his selection of the trial strategy the appellant was certainly not required or compelled to introduce the testimony of this third person or introduce any more evidence than he chose. However, since he sought to rely on the doctrine of *res ipsa loquitur,* he had to introduce such evidence as would bring him within the purview of the application of the doctrine.

Text writers in the field of negligence,[1] as well as this Court, when discussing the application of the doctrine of *res ipsa loquitur,* state that one of the circumstances which calls for the application of the doctrine is when the facts surrounding the accident are more within the knowledge of the defendant

1. 9 Wigmore, Evidence, § 2509, (3rd ed. 1940) pp. 382-84: "It may be added that the particular force and justice of the rule, regarded as a presumption throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him but inaccessible to the injured person." *Contra,* Restatement (Second), Torts § 328 D, comment k (1965).

than within the knowledge of the plaintiff. Brief though the facts introduced by the appellant in this case may be, yet, they show that his knowledge of the facts surrounding the happening of the accident are more extensive than he has chosen to reveal. This gives rise to the inference that the facts surrounding the happening of the accident are as accessible to the appellant (plaintiff) as they were to the appellees (defendant) and perhaps more so.

In the case of *Coastal Tank Lines v. Carroll, supra,* Judge Hammond (present Chief Judge) discussed the applicability of the doctrine of *res ipsa loquitur* and pointed out the tactical danger involved in a plaintiff's calculated effort to limit testimony in a *res ipsa loquitur* case. The facts are dissimilar to the case at bar, but the case did reveal an effort on the part of the plaintiff to introduce in evidence only a part of the material facts known to him restricting his evidence to those facts most beneficial to him, the Court stating at p. 144-45 :

> "Nor is it necessary to decide whether a plaintiff who having sued one defendant amends his declaration to charge negligence to, and claim against, two other defendants who have been brought in as third parties, and who has secured full information by interrogatories, may ride to the jury on the doctrine of *res ipsa loquitur* by deliberately limiting the testimony to the vehicle owned by one defendant and treating the case as if no other vehicle were at all involved. It has been said that : 'The justice of the rule permitting proof of negligence by circumstantial evidence is found in the circumstance that the principal evidence of the true cause of the accident is accessible to the defendant, but inaccessible to the victim of the accident. The rule is not applied by the courts except where the facts and demands of justice make its application essential, depending upon the facts and circumstances in each particular case.' *Potts v. Armour and Co.,* 183 Md. 483, 488. Other cases and the writers have recognized this limitation of the doctrine. *Goldman & Frieman Bottling Co., Inc. v. Sindell,* 140 Md. 488,

502; *Frenkil v. Johnson,* 175 Md. 592, 604; *Farin-holt, Res Ipsa Loquitur,* 10 Md. Law Review, 337, 339; *Bohlen, Studies in the Law of Torts,* 644-645 (Note 13); *Harper on Torts,* Sec. 77."

*Brehm v. Lorenz,* 206 Md. 500, 507, 112 A. 2d 475, 479 (1955).

Chief Judge Sobeloff, speaking for this Court in *Hickory Transfer Co. v. Nezbed,* 202 Md. 253, 96 A. 2d 241 (1953), a case wherein the plaintiffs, relying on the doctrine of *res ipsa loquitur,* brought suit to recover damages for personal injuries and property damage sustained when defendant's tractor-trailer crashed violently into their house after a collision with another vehicle at an intersection, summarized the predicament in which the plaintiff in that case found himself, which is similar to the situation of the appellant in the case at bar, and said at p. 263:

"When the plaintiff invokes this procedure, thus putting his reliance upon the inference of negligence springing from the event, it has been authoritatively held that it must not appear by his own evidence, or the evidence adduced in his behalf, that causes for which the defendant was in no way responsible produced the injuries for which damages are sought. Such was the holding of this court, speaking through Chief Judge McSherry, in *Strasburger v. Vogel,* 103 Md. 85, 63 A. 202. This is still the law."

Viewing all of the facts in the instant case and drawing therefrom every reasonable inference in favor of the appellant, we do not feel that this was a case justifying the application of the doctrine of *res ipsa loquitur,* nor did the plaintiff make out a case of negligence against the appellees. To employ the phrase used by Chief Judge Sobeloff in *Hickory Transfer Company v. Nezbed, supra,* p. 263: "Paradoxically, the plaintiffs proved too much and too little." This Court is of the opinion that the trial judge was correct in granting the defendant's motion for a directed verdict.

*Judgment affirmed, with costs.*