25 Md. App. 558 (1975)
334 A.2d 532
UNSATISFIED CLAIM AND JUDGMENT FUND BOARD (NOW KNOWN AS MARYLAND AUTOMOBILE INSURANCE FUND)
v.
THOMAS W. BOWLES.
No. 667, September Term, 1974.
Court of Special Appeals of Maryland.
Decided April 7, 1975.
*559 The cause was argued before THOMPSON and LOWE, JJ., and ROBERT F. SWEENEY, Chief Judge of the District Court of Maryland, specially assigned.
James P. Salmon, with whom were Sasscer, Clagett, Channing & Bucher on the brief, for appellant.
Donald P. McLaughlin for appellee.
THOMPSON, J., delivered the opinion of the Court.
Thomas W. Bowles, appellee, sued the Unsatisfied Claim and Judgment Fund, appellant, now known as the Maryland Automobile Insurance Fund,[1] in the Circuit Court for Prince George's County. A jury trial was held, Judge Ralph W. Powers presiding. Directed verdict motions were made by appellant at the close of Bowles's case and at the close of the entire case. The trial judge reserved ruling on these motions and sent the case to the jury. The jury returned a verdict in favor of Bowles for $25,000 which, under the statute, was reduced to $15,000. Subsequently the trial judge denied appellant's motion for judgment n.o.v. The sole contention on appeal is that the trial judge erred in not directing a verdict in favor of the Fund.
Bowles testified that at approximately 6:30 p.m. on February 23, 1973, while walking south, facing oncoming traffic on the gravel shoulder of Ritchie Road in Prince George's County, Maryland, he was struck and knocked unconscious. His exact testimony in this regard is as follows:
"As I was walking up Ritchie Road, which is a very busy road, at practically any time of day, all of a sudden the lights went out. The next thing I know *560 I was laid up in the ambulance, woke up in the ambulance, rather.
* * *
"Q. All right, now, you say the lights went out. Tell us in detail what your recollection is of the events.
"A. Well, I was struck on the shoulder of the road. Cars was going by me like they normally do.
* * *
"A. I was walking along, traffic was going, and I don't know where it came from. The lights just went out."
Bowles further testified that he did not hear anything prior to being struck. As a result of the collision he sustained a severe laceration to the right side of his right thigh, a fractured femur, a fractured right wrist and multiple lacerations and abrasions about the lower extremities. He was discovered, unconscious, by a passing motorist, two or three feet off the road lying partially in a driveway which intersects Ritchie Road. As a result of his injuries Bowles was confined to bed in Prince George's County Hospital in traction, and subsequently a body cast, for approximately three months. He was released from the hospital on June 30, 1973 with permanent injury to his right leg and wrist.
Further testimony disclosed that Ritchie Road is a two-lane highway, 25 feet in width, with one southbound and one northbound lane. It has a gravel shoulder approximately 3 feet wide in the area where Bowles was injured.
The appellant's case consisted exclusively of the testimony of an expert chemist who concluded from the hospital report that Bowles was "clinically drunk" at the time of the collision. This was directly contradicted by Bowles who testified that he was sober at the time of the collision and that he was fully aware of his surroundings at that time.
Appellant mounts a two-pronged attack on the trial court's denial of its motions for directed verdict. First it *561 claims that Bowles failed to provide sufficient evidence to go to the jury on the question of whether a motor vehicle caused his injuries. Second, it argues that, even assuming such proof was produced, Bowles failed to show that the unknown driver of the motor vehicle was negligent.
In assessing the propriety of a grant or denial of a motion for directed verdict, we must assume the truth of all credible evidence on the issue and all inferences fairly deducible therefrom and consider them in the light most favorable to the party against whom the motion is made; and if such evidence and inferences lead to conclusions from which reasonable minds could not differ, then the particular issue is one of law for the court and not of fact for the jury. Therefore, if there is any competent evidence, however slight, from which a rational mind could infer a fact in issue, the trial court cannot invade the province of the jury by directing a verdict. Belleson v. Klohr, 257 Md. 642, 646, 264 A.2d 274 (1970); Lauer v. Scott, 12 Md. App. 555, 557, 280 A.2d 917 (1971). We may not consider any facts shown by the moving party which have been "controverted in any way." Lloyd v. Bowles, 260 Md. 568, 570, 273 A.2d 193 (1971). We, therefore, cannot consider the testimony of appellant's witness that Bowles was "clinically drunk."
In support of its contention appellant cites Johnson v. Jackson, 245 Md. 589, 226 A.2d 883 (1967) and Bavis v. Fonte, 241 Md. 123, 215 A.2d 739 (1965) for the general rule that where a plaintiff by his own evidence shows two or more equally likely causes of his injury, for only one of which defendant is responsible, plaintiff cannot recover. The necessary and logical corollary to that rule was discussed and applied in Otis Elevator v. LePore, 229 Md. 52, 181 A.2d 659 (1962). In that case part of the plaintiff's foot was severed while he was riding on an escalator. Evidence disclosed that there was an unsafe gap between the steps of the escalator and its side walls. The rest of the evidence was summarized by the Court as follows:
"As he (plaintiff) neared the bottom of the *562 escalator, he screamed and was turned further to his left than he had been facing. The father tossed away a package he was carrying and went around Ricky's right side to a place below the boy. The father grasped him under the arms from below and to the side but was unable to lift the child, whose foot was caught in some unknown manner. When the boy reached the second floor landing he was suddenly released, and his father was able to lift him from the escalator, and `the first thing I pulled him up I noticed part of his foot was missing, so I just picked him up and put my hand under it, the missing part.' The entire front half of the foot forward of the instep had been amputated." Id. at 54.
The defendant claimed the plaintiff had failed to show that its negligence had been a proximate cause of his injuries. The Court affirmed the judgment and stated what is known as the "more probable than not" rule:
"Prosser, Torts (2nd ed.), § 44, sets forth the true test concerning the legal sufficiency of evidence on this point as follows:
`Plaintiff is not, however, required to ... negative entirely the possibility that the defendant's conduct was not a cause, and it is enough that he introduces evidence from which reasonable men may conclude that it is more probable that the event was caused by the defendant than that it was not. The fact of causation is incapable of mathematical proof, since no man can say with absolute certainty what would have occurred if the defendant had acted otherwise.'" Otis Elevator v. LePore, supra at 58.
It is thus clear that a plaintiff need not exclude every possible cause of his injury other than the defendant's *563 negligence. Peterson v. Underwood, 258 Md. 9, 17, 264 A.2d 851 (1970).
In the case at bar the evidence clearly shows that it was more probable than not that a motor vehicle was responsible for appellee's injury. Any other conclusion would be contrary to common sense and the facts. We therefore find that appellee produced sufficient evidence to go to the jury on this issue.
Appellant also argues that there was insufficient evidence to go to the jury on the issue of negligence. It is axiomatic that the mere happening of an accident standing alone does not give rise to a presumption of negligence. Peterson v. Underwood, supra at 19; Schaub v. Community Cab, Inc., 198 Md. 216, 225, 81 A.2d 597 (1951). This rule is not applicable, however, where, the doctrine of res ipsa loquitur applies.[2] That doctrine was described in Short v. Wells, 249 Md. 491, 496, 240 A.2d 224 (1968):
"In certain situations it has been held that the mere happening of an accident is evidence of negligence because accidents ordinarily do not happen in the absence of a breach of duty and this in and of itself constitutes enough circumstantial evidence to permit an inference to be drawn by the jury in a given case. This is the doctrine of res ipsa loquitur. Its application in automobile accident cases depends on the circumstances of each accident."
In Hanes v. State, Use of Lamm, supra, res ipsa loquitur was held applicable to a factual situation which we find indistinguishable from the instant case. In Hanes an automobile ran off a straight highway twenty-two feet in width. The highway was dry; there was only a slight upgrade at the point where the car left the road. There was no claim made by the driver that he was not in exclusive *564 control. No act of God was alleged to have been the cause of the accident so as to make the doctrine inapplicable. The driver's claim that an emergency forced him from the road was held to have been properly submitted for the jury's determination. In the instant case, as in Hanes, an automobile left a dry and straight roadway and struck a pedestrian who was walking facing traffic on the gravel shoulder. See Md. Code, Art. 66 1/2 § 11-506 (b). There was no evidence that anyone other than the driver was in exclusive control of the automobile and no act of God was shown to have been the cause of the accident. Under these facts, the doctrine of res ipsa loquitur applied and the inference of negligence which arose was sufficient if unrebutted, to allow the case to go to the jury. Appellant presented no evidence to rebut the inference of negligence. The trial court was correct in denying appellant's motions for judgment n.o.v.
Judgment affirmed.
Appellant to pay costs.
NOTES
[1] Md. Code, Art. 48A, § 243. Among other claims the "Fund" is responsible for damages caused by the negligent use of a motor vehicle when its identity and that of the operator and owner cannot be ascertained, § 243 H.
[2] The parties did not raise the issue of the applicability of res ipsa loquitur below or in this appeal. We will consider the issue because under Maryland rules of practice the res ipsa doctrine is not a rule of pleading but relates to the burden of proof and sufficiency of evidence. Hanes v. State, Use of Lamm, 236 Md. 28, 32, 202 A.2d 364 (1964).