# ROGER FIELDS *v.* ALFRED S. MORGAN

[No. 519, September Term, 1977.]

*Decided March 9, 1978.*

The cause was argued before THOMPSON, MOORE and COUCH, JJ.

*Stephen P. Johnson* for appellant.

*Jonathan L. Spear,* with whom were *Joel M. Savits* and *Carr, Jordan, Coyne & Savits* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Few phrases in the law have caused more confusion than the phrase *"res ipsa loquitur."* [1] The truth of this statement is aptly demonstrated by the present case.

On June 28, 1974, the appellant, Roger Fields, sustained personal injuries when the car in which he was riding crashed into a tree. Fields instituted suit in the Circuit Court for Prince George's County claiming the accident was attributable to the negligence of the driver, Alfred S. Morgan, the appellee. At the close of Fields' case, Morgan moved for a directed verdict which was granted by the trial judge.

In assessing the propriety of the grant of a motion for a directed verdict the evidence, along with all fairly deducible inferences, must be considered in a light most favorable to the party against whom the motion was made. *E.g., United Bank and Trust Co. v. Schaeffer,* 280 Md. 10, 370 A. 2d 1138 (1977). When viewed in a light most favorable to Fields the evidence reveals the following. On the evening of June 28, 1974, Fields was drinking beer with some friends at the Lakeland Tavern in College Park, Maryland. As the tavern was about to close, Fields approached Morgan, with whom he had been previously acquainted, and asked for a ride to Laurel, Maryland. Morgan agreed and the two men proceeded in Morgan's car in the direction of Route 1. As the car turned north onto Route 1, it encountered two pedestrians who were in the process of crossing the street. At the time the pedestrians were some distance away. As Morgan approached the spot where the pedestrians were crossing, they had already crossed the northbound lane of Route 1. Morgan, however, strayed into the southbound lane where he

---

1. *See* Chesapeake and Potomac Telephone Co. v. Hicks, 25 Md. App. 503, 509-510, 337 A. 2d 744, 748 (1975), *cert. denied,* 275 Md. 750.

struck and fatally injured one of the pedestrians. The Morgan vehicle traveled in the southbound lane for approximately 25 to 30 yards prior to the accident.

Morgan did not stop after the accident but continued north on Route 1 until he reached Powder Mill Road. After the car had turned east on Powder Mill Road, Walter Tryon, an eyewitness to the pedestrian accident who had been pursuing Morgan, attempted to force Morgan to stop and return to the scene of the accident. Morgan struck the rear of the Tryon vehicle and continued on Powder Mill Road. He then turned onto Edmondson Road, and shortly thereafter the car left the road and struck a tree. The final resting place of the vehicle was approximately 1½ to 2 miles from the Tryon collision. There were no tire tracks or skid marks on the roadway at the location of the final accident and the road surface was dry. According to a blood test administered at Prince George's County Hospital, Morgan's blood contained an alcohol level of 0.16%.[2]

During the trial Fields, through the testimony of a police officer, introduced a statement made by Morgan to the effect that after striking the pedestrian he wanted to stop but Fields insisted he continue. According to the statement the two men "drove off Powder Mill Road until they got to a government road and started fighting over the steering wheel; went into a spin and they struck a tree." The statement was contradicted by Fields who testified that when Morgan swerved and hit the pedestrian, he struck his head on the steering wheel and did not remember another thing until he woke up in the hospital some time later.

In granting the motion for a directed verdict the trial judge ruled that Fields had paradoxically proved too much to rely on *res ipsa loquitur* and too little to establish a *prima facie* case of negligence. We think the trial judge erred in ruling that *res ipsa loquitur* was inapplicable.

The conditions necessary for the application of *res ipsa*

---

2. Blood alcohol levels of more than 0.15% are *prima facie* evidence of intoxication under Md. Code, Courts and Judicial Proceedings Article § 10-307 (e) (Supp. 1977).

*loquitur* have been firmly established. In order to invoke the doctrine three elements must exist:

> "1. A casualty of a sort which usually does not occur in the absence of negligence.
> "2. Caused by an instrumentality within the defendant's exclusive control.
> "3. Under circumstances indicating that the casualty did not result from the act or omission of the plaintiff."
>
> *Leikach v. Royal Crown,* 261 Md. 541, 547-548, 276 A. 2d 81, 84 (1971).

*Accord, Giant Food, Inc. v. Washington Coca-Cola Bottling Co.,* 273 Md. 592, 597, 332 A. 2d 1, 4 (1975); *Chesapeake and Potomac Telephone Co. v. Hicks,* 25 Md. App. 503, 516, 337 A. 2d 744, 752 (1975), *cert. denied,* 275 Md. 750. Morgan concedes that these criteria are ordinarily satisfied where an automobile runs off the highway for no apparent reason. *See Hanes v. State, Use of Lamm,* 236 Md. 28, 33, 202 A. 2d 364, 365-366 (1964); *Shirks Motor Express v. Oxenham,* 204 Md. 626, 631-632, 106 A. 2d 46, 48 (1954); *Hickory Transfer Co. v. Nezbed,* 202 Md. 253, 262, 96 A. 2d 241, 245 (1953); *Unsatisfied Claim and Judgment Fund Board v. Bowles,* 25 Md. App. 558, 563-564, 334 A. 2d 532, 536 (1975). He argues, however, that Fields, by introducing the statement he gave to the police, was precluded from relying on *res ipsa loquitur* under *Strasburger v. Vogel,* 103 Md. 85, 63 A. 202 (1906) and *Hickory Transfer Co. v. Nezbed, supra.*

In *Hickory,* the plaintiff attempted to establish a cause of action based on negligence by invoking the doctrine of *res ipsa loquitur.* The plaintiff, apparently not satisfied with merely relying on the inference of negligence that could be drawn from the happening of the event, offered proof which tended to show the accident was not due to the negligence of the defendant. In discussing the predicament in which the plaintiff had placed himself, the Court stated:

> "When the plaintiff invokes this procedure, thus putting his reliance upon the inference of negligence springing from the event, it has been authoritatively

held that it must not appear by his own evidence, or the evidence adduced in his behalf, that causes for which the defendant was in no way responsible produced the injuries for which damages are sought." 202 Md. at 263.[3]

The principle set forth in *Hickory Transfer* was derived from the opinion of Judge McSherry in *Strasburger v. Vogel, supra.* Chief Judge McSherry expressed the rule in the following manner:

"[W]hen the plaintiff himself shows that the injury complained of must have resulted *either* from the negligence of the defendant *or* from an independent cause for the existence of which the defendant is in no way responsible, he cannot be permitted to recover until he excludes the independent cause as the efficient and proximate cause of the injury. . . ." 103 Md. at 91-92.

*Accord, Short v. Wells,* 249 Md. 491, 496, 240 A. 2d 224, 227 (1968).[4]

---

3. Another troublesome aspect of *res ipsa* that was discussed in Hickory Transfer involves those situations where the plaintiff's evidence includes specific evidence of the defendant's negligence or some explanation of how the accident occurred. Prosser notes the problem as follows:

"Where the plaintiff introduces specific evidence of the defendant's negligence, the question arises whether he may still rely upon the inference provided by a res ipsa loquitur case. It is sometimes said that where the facts are disclosed by evidence there is no room for inference, or that by attempting specific proof the plaintiff has 'waived' the benefit of the doctrine." Prosser, Law of Torts § 40, p. 231 (4th ed. 1971).

*See also* 2 Harper and James, Law of Torts § 19.10 (1956).

Maryland explicitly rejected the waiver rule in Blankenship v. Wagner, 261 Md. 37, 46, 273 A. 2d 412, 417 (1971) stating:

"If the plaintiff has circumstantial evidence which tends to show the defendant's negligence (and which is therefore *consistent* with the inference relied upon in *res ipsa loquitur*) he should not as a matter of policy be discouraged from coming forth with it. If, however, the evidence introduced by the plaintiff or the defendant shows that everything relative to the case is known, and that the injury might have been caused by something other than defendant's negligence (thereby negating the inference normally relied upon in *res ipsa loquitur*), then the plaintiff will not be allowed to avail himself of the doctrine."

4. The principle enunciated is not confined to situations involving *res ipsa loquitur* but applies any time the plaintiff's case rests on an inference of

In the instant case Fields recognizes that the statement he introduced tended to exculpate Morgan and negate the inference of negligence upon which his case rested. He maintains, however, that this was not fatal because he introduced evidence which indicated the accident could not have been the result of a fight. We agree.

Contrary to Morgan's contention, *Hickory Transfer Co.* and its progeny do not hold that once a plaintiff introduces *any* evidence exculpatory to the defendant, he can never be permitted to recover. It merely states that before any recovery can be allowed the plaintiff must exclude the exculpatory cause as the proximate cause of the accident. *See Strasburger v. Vogel, supra,* 103 Md. at 91-92. This point was demonstrated in *Bavis v. Fonte,* 241 Md. 123, 215 A. 2d 739 (1966).[5]

In *Bavis* the plaintiff was injured when the car in which he was riding failed to negotiate a slight curve and crashed into an electric light pole. After producing evidence indicating that the driver was proceeding at a reasonable speed and the road, although slightly wet, was well lighted, the plaintiff introduced a statement made by the defendant to the effect that another car had forced him off the road. The plaintiff testified that there was no other car. The Court noted the existence of the problem concerning a conflict in the plaintiff's own evidence but resolved the issue by stating:

> "[T]he plaintiff offered testimony, which, if believed by the jury, would have 'excluded' the other negligent act that possibly or probably caused his injuries . . . In this situation, the question as to whether the other negligent act had been 'removed' was one for the jury under proper instructions from the court." 241 Md. at 126.

negligence. *See* Langville v. Glen Burnie Coach Lines, 233 Md. 181, 184-185, 195 A. 2d 717, 719 (1963).

5. Although the plaintiff disavowed any reliance on *res ipsa loquitur* in Bavis the case is still controlling. The plaintiff's case was based on circumstantial evidence and *res ipsa loquitur* is nothing more than a label that is attached to certain situations where the mere occurrence of an accident furnishes enough circumstantial evidence to allow a jury to draw an inference of negligence. *See* Short v. Wells, *supra;* Chesapeake and Potomac Telephone Co. v. Hicks, *supra.*

88

*Bavis* is virtually indistinguishable from the instant case. There was direct evidence that Fields and Morgan were fighting over the steering wheel at the time of the accident but there was also direct evidence that Fields was unconscious and could not have engaged in a fight. Under these circumstances, the trial judge should not have granted the motion for a directed verdict as the resolution of the conflicting testimony was for the jury.[6]

> *Judgment reversed.*
> *Case remanded for a new trial.*
> *Costs to abide the final result.*

---

6. Morgan also argues the statement showed that Fields was guilty of contributory negligence as a matter of law, but, as we have indicated, it was for the jury to decide whether this statement was credible.