685 A.2d 467

**Fraeda J. LEWIS**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

No. 972, Sept. Term, 1995.

Court of Special Appeals of Maryland.

Nov. 27, 1996.

312

Elliot Neil Lewis, Baltimore, for Appellant.

Louise McBride Simpson (Leonard C. Redmond, III, on the Brief), Baltimore, for Appellee.

Argued before MURPHY, C.J., and FISCHER, J., and PAUL E. ALPERT, J. (Retired, Specially Assigned).

FISCHER, Judge.

Fraeda Lewis (Mrs. Lewis) appeals from an order of the Circuit Court for Baltimore City that affirmed an administrative law judge's (ALJ) finding that State Farm Mutual Automobile Insurance Company's (State Farm) decision to add a premium surcharge to Mrs. Lewis's automobile insurance policy was justified and proper.[1] Following the Maryland Insurance Administration's (MIA) finding that State Farm's surcharge decision was proper, Mrs. Lewis requested a hear-

---

1. The premium surcharge took the form of State Farm removing Mrs. Lewis's "good driver" designation, therefore causing her premiums to increase.

ing before the State Insurance Commissioner of Maryland (the Commissioner), which assigned the hearing to an ALJ of the Office of Administrative Hearings.[2]  The ALJ found that State Farm's actions were justified and accordingly dismissed Mrs. Lewis's protest.  Lewis then appealed to the circuit court, which affirmed the ALJ's decision.  Mrs. Lewis raises the following issue for our review, which we have reworded and condensed as follows:

    I.   Did the circuit court err by affirming the decision of the Administrative Law Judge?

## FACTS

On November 13, 1993, Mr. Lewis was driving Mrs. Lewis's 1988 Mercedes automobile.  Mrs. Lewis and Fred and Joan Cohen were passengers in the car.  While in Baltimore City, Mr. Lewis lost control of the car and skidded into a guard rail. At the time of the accident, the road was still wet from a rainstorm that had occurred earlier in the day.  No one in the car sustained injuries, but the accident caused substantial damage to the car itself.

Following the accident, Mrs. Lewis filed a claim with State Farm, her insurance company, under her collision coverage. State Farm investigated the claim, determined that Mrs. Lewis's policy covered the accident, and paid $1,577.66 for repairs to the car.[3]

Subsequent to its payment to Mrs. Lewis, State Farm decided to impose a surcharge on Mrs. Lewis's policy based on its belief that Mr. Lewis was more than fifty percent at fault in causing the accident.[4]  State Farm then notified Mrs. Lewis

---

2.  It is the Commissioner's regular practice to assign section 240AA hearings to an ALJ in the Office of Administrative Hearings.  *See* COMAR 09.30.65.01 *et seq.* (detailing the procedures for an ALJ hearing).

3.  The record indicates that the $1,577.56 was distributed in two payments, one of $1099.18 and a second of $478.38.

4.  Mrs. Lewis's insurance policy reads, in part:

of its plans to add the surcharge. Mrs. Lewis requested that the MIA investigate State Farm's decision. The MIA did so and eventually confirmed that decision as proper and justified.

After the MIA's decision, Mrs. Lewis requested a hearing with the Commissioner. On November 3, 1994, a hearing was held before an ALJ, which found that:

> The Licensee's [State Farm's] proposed surcharge is in accordance with MD. ANN, CODE art. 48A, § 240AA. It gave adequate notice to the Complainant [Mrs. Lewis] of its intention to surcharge her policy according to the terms of its established rating plan on file with the Maryland Insurance Administration. Furthermore, it used adequate and reasonable means to investigate the accident, determine liability under collision coverage and pay the resulting claim. Where there is a single-car accident, the provision that the driver must be 50% at fault does not apply. The Administrative Law Judge finds that the Licensee's actions to surcharge Fraeda J. Lewis's policy is lawful.

Mrs. Lewis appealed this decision to the circuit court, which affirmed the ALJ. Following the circuit court's order, Mrs. Lewis filed a timely appeal with this Court.

## STANDARD OF REVIEW

■ In this case, the circuit court's revisory power over the ALJ's findings of fact and mixed questions of fact and law was limited to whether substantial evidence existed in the record to support the ALJ's decision. *Lumbermen's Mut. Casualty v. Insurance Comm'r,* 302 Md. 248, 266, 487 A.2d 271 (1985). The Court of Appeals has described the substantial evidence standard as whether "a reasoning mind reasonably could have

---

An accident is chargeable if State Farm paid at least $400 or more ... under the Property Damage Liability Coverage or, in the event of a one-car accident, under the Collision coverage.

. . . .

(Note: Accidents shall not be chargeable (1) if the driver was less than 50% at fault or (2) because of any payment made under the Personal Injury Protection Coverage.)

reached the factual conclusion the agency reached." *Id.; see also Insurance Comm'r v. Nat'l Bureau,* 248 Md. 292, 309–310, 236 A.2d 282 (1967) (stating that the judicial review under the substantial evidence standard is neither a judicial fact-finding mission nor a substitution of a judicial judgment for an agency judgment).

■ Reviewing courts do not apply the substantial evidence test to every aspect of an agency decision. For example, a reviewing court does not afford any deference to an agency's conclusion on a question of law. *Liberty Nursing Ctr. v. Department of Health & Mental Hygiene,* 330 Md. 433, 443, 624 A.2d 941 (1993). Thus, the scope of judicial review for findings of fact or mixed questions of fact and law is narrow, *United Parcel Service, Inc. v. People's Counsel,* 336 Md. 569, 576, 650 A.2d 226 (1994), but there is no such limitation on the review of questions of law.

## DISCUSSION

Mrs. Lewis argues that the circuit court erred by affirming the decision of the ALJ. Specifically, Mrs. Lewis insists that State Farm did not present sufficient evidence to demonstrate that Mr. Lewis was at least 50 percent at fault. State Farm counters that there was substantial evidence to support the ALJ's decision.

■ Md.Code (1957, 1994 Repl.Vol., 1995 Supp.), Art. 48A, § 240AA establishes the procedures used in a proceeding for the cancellation, non-renewal, increase in premiums, or reduction of coverage under a motor vehicle liability insurance policy.[5] Section 240AA (f) reads, in part, that "at the hearing the insurer has the *burden of proving its proposed action to be justified,* and, in doing so, may rely only upon the reasons set forth in its notice to the insured." Md.Code, Art. 48A, § 240AA(f) (emphasis added). This case, therefore, hinges on whether State Farm's premium surcharge was "justified;" a

---

5. Unless otherwise indicated, all statutory references are form Md.Code (1957, 1994 Repl.Vol., 1995 Supp.), Art. 48A, § 1 *et seq.*

term that this Court and the Court of Appeals have not defined in the context of a premium surcharge, but have defined with respect to a cancellation and non-renewal.[6]

Because there is no language in section 240AA that says otherwise, the term "justified" has the same meaning in all hearings and proceedings covered by section 240AA. *See Comptroller v. Jameson,* 332 Md. 723, 732, 633 A.2d 93 (1993) (stating that the foremost goal of statutory construction is to discern the legislature's intent and the primary source of this intent is the words of the statute itself); *Atkinson v. State,* 331 Md. 199, 215, 627 A.2d 1019 (1993) (stating that the words of the statute are accorded their ordinary meaning unless otherwise specified). Thus, we are bound by prior interpretations of the term "justified."

The Court of Appeals has held that under section 240AA(f) "the insurer must establish that its assigned reason [for cancelling a policy, increasing a premium, or reducing coverage] is an actual one, that is, genuine; and that the facts on which it is based are true." *Insurance Comm'r v. Nevas,* 81 Md.App. 549, 558, 568 A.2d 1144 (1990) (quoting *Government Employees Ins. v. Insurance Comm'r,* 273 Md. 467, 483, 330 A.2d 653 (1975)). An insurer's reasons for adding a premium surcharge are not genuine, and thus not "justified," if they are arbitrary, capricious, or unfairly discriminatory. *See Govern-*

---

**6.** With respect to the cancellation or non-renewal of an insurance policy, section 234A adds a substantive requirement to complement the already existing procedural requirements outlined in section 240AA. *Insurance Comm'r v. Nevas,* 81 Md.App. 549, 558, 568 A.2d 1144 (1990). Article 48A, § 234A(a) reads, in part:

No insurer, agent or broker shall cancel or refuse to underwrite or renew a particular insurance risk or class of risk for any reason based in whole, or in part upon race, color, creed, sex, or blindness of an applicant or policyholder or for any arbitrary, capricious, or unfairly discriminatory reason. . . .

This substantive element therefore requires that an insurer demonstrate "the probability of a direct and substantial adverse effect upon losses or expenses of the insurer in light of the approved rating plan or plans of the insurer then in effect. . . ." *Lumbermen's Mut. Casualty v. Ins. Comm'r,* 302 Md. 248, 254, 487 A.2d 271 (1985) (quoting the preamble to Ch. 752 of the Acts of 1974, which amended the then existing § 234A).

*ment Employees,* 273 Md. at 483, 330 A.2d 653; *Nevas,* 81 Md.App. at 558–559, 568 A.2d 1144. In other words, to satisfy its burden that its actions were justified, an insurer has to explain the *"basis* for its conclusion that the insured was at fault." *Nevas,* 81 Md.App. at 558, 568 A.2d 1144 (emphasis added).

■ In this case, there is insufficient evidence in the record to substantiate that State Farm's decision to add a premium surcharge to Mrs. Lewis's insurance policy was supported by substantial evidence. The State Farm claim representative's investigation yielded only two pieces of evidence: (1) a statement from Mrs. Lewis claiming that Mr. Lewis lost control of the vehicle on the wet road and hit a guard rail; and (2) pictures of the damaged automobile. The investigation did not include any quantitative analysis or test results indicating whether any other circumstances contributed to the cause of the accident.

The claim representative, therefore, based his entire determination of fault on two facts: (1) Mr. Lewis was in an accident; and (2) the road was wet at the time of the accident. Maryland law, however, states that the mere fact that an automobile skids on a slippery road does not, in and of itself, constitute evidence of negligence. *See Christ v. Wempe,* 219 Md. 627, 635–637, 150 A.2d 918 (1958). To prove its case, State Farm had to present some substantive evidence demonstrating that its premium surcharge was justified. For example, evidence that Mr. Lewis was speeding or driving in an otherwise unreasonable manner could have substantiated State Farm's claim. Simply presuming that Mr. Lewis was more than fifty percent at fault because he was involved in a single-car accident on a wet road, however, was an arbitrary decision that falls outside the boundaries and requirements of section 240AA.

■ At oral argument, State Farm averred that, under *Fields v. Morgan,* 39 Md.App. 82, 382 A.2d 1099 (1978), it could rely on the theory of *res ipsa loquitur* to infer that Mr.

Lewis was more than fifty percent at fault. *Res ipsa loquitur* consists of three elements:

1. A casualty of a sort which usually does not occur in the absence of negligence.

2. Caused by an instrumentality within the defendant's exclusive control.

3. Under circumstances indicating that the casualty did not result from the act or omission of the plaintiff.

*Fields,* 39 Md.App. at 85, 382 A.2d 1099 (quoting *Leikach v. Royal Crown,* 261 Md. 541, 547–548, 276 A.2d 81 (1971)).

In this case, however, the doctrine of *res ipsa loquitur* is not applicable because the element of exclusive control is lacking. We cannot say that a driver, driving an automobile on a wet road, has exclusive control of the vehicle. Control may depend upon prevailing circumstances. For example, when roads are wet or icy, there are situations in which a driver may lose control of his vehicle regardless of how carefully or reasonably he may be driving.

For the aforegoing reasons, the decision of the circuit court must be reversed.

JUDGMENT REVERSED.

CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY WITH INSTRUCTIONS TO REMAND TO THE ADMINISTRATIVE LAW JUDGE FOR APPRO-PRIATE ORDER IN CONFORMANCE WITH THIS OPIN-ION.

APPELLEE TO PAY COSTS.