## LESTER S. PATTERSON

### *vs.*

## BALTIMORE & OHIO R. R. CO.

*Negligence: fire to woodland; damages; evidence; res gestae;*
*declarations; statement of track men that they*
*had started the fire.*

Where an action is brought for injuries by fire to timber land, the rule for damages is to allow for the difference in the value of the property before and after the injury by which it was diminished.                                    p. 278

The admissibility of *res gestæ* declarations depends upon the facts and circumstances of the particular case and there is no inflexible rule as to what lapse of time between a commission of an act and the making of the proffered declaration is sufficient to cause its rejection, as not part of *res gestæ*.  p. 279

But the declarations to be admissible must be proven to have been made under the "immediate spur" of the occasion of which it forms a part, and not as a narrative of a completed event.                                    p. 279

In an action against a railroad for damages for injury caused to woodland by a fire which it was alleged, some of the railroad track hands let get away from them as they were burning cross ties, evidence is admissible to prove that while the fire was at its height and the track men were trying to arrest its progress, they had stated that they had started the fire and it got away from them.                     p. 280

*Decided November 14th, 1918.*

Appeal from the Circuit Court for Carroll County. (Moss, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*T. Scott Offutt,* for the appellant.

*F. Neal Parke* (with whom was *J. A. C. Bond* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

The record in this case contains fifteen bills of exceptions relating to rulings on the admissibility of evidence and the instruction of the jury in the trial of an action for damages sustained by the plaintiff as a result of the burning of his growing timber by a fire alleged to have originated on the defendant railway company's right of way, or to have been caused by sparks escaping from its locomotives. There was evidence tending to prove that the fire was communicated to the plaintiff's timber, across intervening land covered with dry grass and weeds, from a pile of burning cross ties on the defendant's right of way. The case was accordingly submitted to the jury upon the basis of this theory as to the origin of the fire. It was held by the trial Court that there was no evidence legally sufficient to show that the fire was caused by sparks from the defendant's locomotives, and the jury were instructed that the plaintiff was not entitled to recover under the count of his declaration which set forth that theory. The verdict and judgment were for the defendant, and the plaintiff has appealed.

The 1st, 2nd, 6th, 7th, 8th, 9th, 10th, 11th and 12th exceptions refer to the refusal of the Court below to admit cer-

tain testimony offered by the plaintiff with a view to proving the damages he sought to recover. . The timber land affected by the fire had an area of about one hundred acres, and formed part of a tract of about three hundred acres, of which approximately one-half was used and cultivated as a farm. It was proposed by the plaintiff to prove, as the measure of his damages, the difference in value of the timber land before and after the fire. The Court declined to admit such estimates of value, as applied to the timber land alone, but permitted the plaintiff to testify as to the value before and after the fire of the entire tract of which the timber land formed a part. It is not apparent how the plaintiff could have been injured by this ruling. The method of valuation thus applied would tend to enhance rather than reduce the amout of his possible recovery. If the effect of the destruction of the growing timber upon the value of the farm as a whole is to be considered, the damages might well be larger than if they were based solely upon the loss of value resulting to the timber land independently of its relation and utility to the entire tract. But as the declaration referred only to the timber land and claimed damages exclusively for injury by fire to that species of property, we think the offer to prove the damages on that basis, by witnesses who appeared to be qualified to testify on the subject, should have been admitted, the proffer having been made with due regard to the settled rule in this State that the measure of damages in such cases is the difference in the value of the property before and after the injury by which its value is diminished. *Belt R. Co. v. Sattler,* 100 Md. 306; 102 Md. 595; *Carter v. Md. & Pa. R. Co.,* 112 Md. 599; *W. U. Tel. Co. v. Ring,* 102 Md. 677; *W. M. R. Co. v. Jacques,* 129 Md. 400; *W. U. Tel. Co. v. Rasche,* 130 Md. 126; *Susq. Trans. Co. v. Murphy,* 131 Md. 350.

The third exception was taken to the rejection of testimony as to statements of trackmen in the service of the defendant, made while the fire was at its height, and they were working to arrest its progress, to the effect that they started the fire

and it got beyond their control. The witness by whom this declaration was to be proved was living at the time of the fire in a house on the plaintiff's farm. She had testified that she first noticed the fire about the middle of the afternoon. It was coming right from the railroad tracks under a heavy wind blowing from that direction. The fire reached to within a few yards of the house occupied by the witness, which was located near the woods. It was at this place and point of time that three railroad men appeared and are said to have made the statement which the plaintiff desired to prove. Three trackmen later testified, as witnesses for the defendant, that they went from the railroad to the neighborhood of the house to protect it from the flames, as soon as they noticed the fire, but that it originated in the plaintiff's woods and not on the railroad right of way. The question is whether their declarations to the contrary, made at the time and under the circumstances referred to, constitued a part of the *res gestae.*

The decisions of this Court upon the subject of the admissibility of *res gestae* declarations have held that the question depends upon the facts and circumstances of the particular case and that there is no inflexible rule as to what lapse of time between the commission of an act and the making of the proffered declaration is sufficient to cause its rejection as not being a part of the *res gestae,* but that the declaration, to be admissible, must be proven to have been made under the "immediate spur" of the occurrence of which it forms a part, and not as a narrative of a completed event. *Wright* v. *State,* 88 Md. 706; *State* v. *B. & O. R. R. Co.,* 117 Md. 285; *Baltimore* v. *Lobe,* 90 Md. 310; *United Railways Co.* v. *Cloman,* 107 Md. 689.

In 10 *Ruling Case Law,* p. 978, it is said, upon the authority of the numerous decisions there noted: "Time is not necessarily a controlling element or principle in the matter of *res gestae.* The general rule is that a declaration sought to be proved must have been contemporaneous with the event established as the principal act; but in order to constitute declarations a part of the *res gestae,* it is not necessary that

they shall have been precisely coincident in point of time with the principal fact. If they spring out of the principal fact, tend to explain it, were voluntary and spontaneous, and made at a time so near it as to preclude the idea of deliberate design, they may be regarded as contemporaneous, and are admissible in evidence."

In the case of *McCann* v. *Chicago, M. & P. S. Ry. Co.*, 91 Wash. 626; 158 Pac. 243, a statement made by one of the defendants, while the fire which injured the plaintiff's property was in progress, to the effect that the fire had gotten away from him, was allowed to be proven as part of the *res gestae*. Another case very analogous to the present one is that of *Paraffine Oil Co.* v. *Berry* (Tex. Civ. Appls.), 93 S. W. 1089. In that case the fire which burned over the plaintiff's land was alleged to have been started by the defendant company's employees in burning grass on its premises. A statement by one of the employees, while working to control the fire, that they had set fire to the grass was held to be admissible. Likewise in *Yazoo & M. Valley R. Co.* v. *Jones*, 73 Miss. 229, the declaration of a section foreman as to his having started on the railroad right of way the fire which reached and destroyed the plaintiff's property, was admitted as part of the *res gestae*, such admission having been made while the fire was still burning but on the second day after it originated.

Under the circumstances of the pending case the plaintiff was entitled to the benefit of the proffered declarations of the defendant's trackmen that they had started the fire. According to the proffer, they were made while the cause of the plaintiff's injury was still in active operation, and by the persons who had set it in motion and were striving to restrict its effects. The statements thus proposed to be proved were uttered in the course and under the immediate influence of the exigency from which the plaintiff's loss resulted. They were not the narrative of a completed occurrence, or the product of reflection or design, but were declarations against interest given natural and contemporaneous expression as part

of a progressive event.   In every aspect they were within the requirements of the rule for the admission of declarations forming part of the *res gestae*.   The effect of the ruling below on this question was clearly harmful to the plaintiff's case in view of the conflict of the testimony as to how and when the fire started.

The 4th, 5th and 13th bills of exceptions have reference to the exclusion of evidence offered in support of the allegation that the fire was caused by sparks from the defendant's locomotives.   There was no error in these rulings as the testimony did not sufficiently tend to sustain the theory to which it was directed.

The 14th exception need not be separately discussed in view of our ruling on the admissibility of the *res gestae* declaration.

There was no error in the action of the trial Court in the granting or refusal of proposed instructions to the jury, which is the subject of the only remaining bill of exceptions.

*Judgment reversed, with costs and new trial awarded.*