SINGER TRANSFER COMPANY, INC. *v.* BUCK GLASS COMPANY

[No. 35, October Term, 1935.]

*Decided December 4th, 1935.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Leon I. Kappelman,* for the appellant.

*R. Contee Rose* and *Eben F. Perkins,* with whom was *Walter H. Buck* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

This appeal is from a judgment of the Superior Court of Baltimore City in favor of the plaintiff in an action

brought by the Buck Glass Company against the Singer Transportation Company for damage to a sprinkler system installed on plaintiff's property, which is said to have been caused by the negligent operation of a truck owned by defendant.

The appeal presents two questions; one of evidence, the other whether the court should have directed a verdict for the defendant.

There was in the case evidence tending to prove these facts: The appellee operates a factory for the manufacture of glass bottles. Its plant is located on Fort Avenue in Baltimore City. There is a driveway about thirty feet wide, leading from the street to the factory, which runs "straight ahead" for about seventy-five feet, and then turns at an angle of not over thirty degrees. About forty feet inside the gates, on the west side of the drive, about eighteen inches from a warehouse wall, there is located a six-inch valve which is connected with a sprinkler system installed in the factory, which rises vertically about "four feet from the ground," and is protected by a guard rail of double pipes, placed between it and the traveled part of the driveway about twelve inches from the valve, leaving twenty-five or twenty-eight feet of the driveway unobstructed.

On February 28th, 1934, the superintendent of plaintiff's factory was notified that a "terrible flow of water was coming out of the driveway" and requested "to come to the plant immediately." When he arrived he discovered that "something had happened to this dry pipe valve," and saw "a very plain mark of the treads of a very wide tire running right up against the plug," which led to a truck and trailer which were then standing in the factory yard, and which belonged to the defendant. Peterson, the superintendent, then asked the driver of the truck, who had been on the premises repeatedly, "if he had hit that plug when he came in the yard," and the driver replied, "I might have hit it, but I don't remember." Peterson then took the driver to the valve and showed him the impression of the wheel

of the truck around the plug, "and he didn't make no answer at that time." When the truck entered the driveway, no water was flowing, "but it was water flowing out of there after he got in." Peterson was notified shortly after six o'clock of the condition at the plant, and no truck other than defendant's came into the yard from twenty minutes after five, when he left, until the time of the accident, and when he arrived the only "marks in the yard were those of the Singer Transfer truck." The "section pipe'" or valve was found to be leaning over and out of plumb thirty-five or forty degrees; the water flowed from it with such force that it was "almost impossible to walk through it, and it flooded the ground nearby, in places, six or seven inches deep. The driveway was lighted by a seventy-five watt electric light which was sufficient to "take in the hydrant." The defendant offered no testimony, and, upon the facts stated above, the court overruled defendant's prayer for a directed verdict, which submitted the theory that there was no evidence legally sufficient to entitle the plaintiff to recover.

There was no error in that ruling. The proved facts permitted a rational inference that the damage to the valve was caused by the defendant's truck, under circumstances which also permitted an inference that the collision was caused by its negligent operation. The only tracks in the yard at the time the water was flowing led directly from the valve to defendant's truck; when the truck entered the yard the water was not flowing, but began to flow after it entered; no other truck came into the yard after defendant's truck entered until the accident; and the valve pipe was "out of plumb" and broken. The conclusion from these premises that defendant's truck was the instrumentality that damaged the valve was not a matter of speculation or conjecture, but a rational and legitimate inference from known facts; whether it should have been deduced from those facts under the circumstances was a question of fact, not of law, and therefore properly left to the jury. *Opecello v.*

*Meads,* 152 Md. 29, 135 A. 488; *Cumberland Transit Co. v. Metz,* 158 Md. 424, 452, 149 A. 4, 565; 23 *C. J.* 48.

Assuming that the valve pipe was broken by the defendant's truck, the facts proved also permitted the inference that the collision was caused by its negligent operation. The driver was familiar with the driveway, and, it may be inferred, with the location of the valve pipe, the driveway was illuminated by an electric light, the pipe was visible to any one using the driveway, and there was an unobstructed space of at least twenty-five feet through which the truck could have been driven without colliding with the pipe or its protecting guard rail. If the truck driver so managed the truck that it collided with a plainly visible obstruction, such as the valve pipe, when he had an unobstructed space of twenty-five or more feet in which it could have been driven without touching the pipe, the defendant cannot complain if his conduct is characterized as negligent. For where damage to property is caused by the operation of some instrumentality within the exclusive control of the defendant, under circumstances which justify the inference that it would not have occurred had the defendant exercised ordinary care, negligence may be presumed as a rational inference from those facts. 45 *C. J.,* 1193; *Goldman etc. Bottling Co. v. Sindell,* 140 Md. 488, 117 A. 866; *Chesapeake Iron Works v. Hochschild Kohn & Co.,* 119 Md. 303, 86 A. 345; *Decola v. Cowan,* 102 Md. 551, 62 A. 1026; *Winkelmann & Brown Drug Co. v. Colladay,* 88 Md. 78, 40 A. 1078; *Benedick v. Potts,* 88 Md. 52, 40 A. 1067; *Howser v. Cumberland, etc. R. Co.,* 80 Md. 146, 30 A. 906; *State v. Emerson Coal Co.,* 150 Md. 429, 448, 133 A. 601; *Clough & Molloy v. Shilling,* 149 Md. 189, 131 A. 343. Whether that presumption falls under the classification of the doctrine of *res ipsa loquitur* or that of the effect of circumstantial evidence is a mere matter of indexing; but the principle itself is firmly established, that where the known facts justify a rational inference of defendant's negligence, such negligence may be presumed. *Ibid.*

In the course of the trial, a witness for the appellee was asked what he did when he found "tire marks" leading from the valve to the truck. There was no objection to the question, and the witness replied that he had called the "driver off the truck and asked him if he had hit that plug when he came in." The defendant then objected, apparently to the answer, the objection was overruled, and an exception noted. The witness then said: "The driver said, I might have hit it, but I don't remember. So I then asked him to step over here a minute and I took him over to the valve and I showed him the impression of the wheel of the truck around the plug, and he didn't make no answer at that time." There was no objection to that answer, but in this court the appellant relies upon that exception as applying to the answer which the witness made after the court had ruled. Technically, the exception relates only to the witness' answer that he had asked the driver if he had hit the plug, and, if so limited, the ruling which it attacks could not constitute reversible error, because standing alone the witness' answer, while it did perhaps indicate that he suspected that the truck hit the plug, and, unless part of the *res gestae*, was hearsay, nevertheless it cannot be presumed that so slight and trivial a circumstance would have affected the judgment of the jury. If the ruling can be taken as permitting the witness to repeat the answer given by the truck driver to the question, then the exception does raise the question of whether the truck driver's statement was a part of the *res gestae*. In either case the ruling involved no error. The statement of the *res gestae* rule given in an opinion written by Judge Urner in *Patterson v. Balto. & O. R. Co.*, 133 Md. 276, 279, 105 A. 159, applies with controlling force to the facts of this case. In that opinion it was said: "The decisions of this court upon the subject of the admissibility of *res gestae* declarations have held that the question depends upon the facts and circumstances of the particular case, and that there is no inflexible rule as to what lapse of time between the commission of an act and the making of the

proffered declaration is sufficient to cause its rejection as not being a part of the *res gestae,* but that the declaration, to be admissible, must be proven to have been made under the 'immediate spur' of the occurrence of which it forms a part, and not as a narrative of a completed event. *Wright v. State,* 88 Md. 706, 41 A. 1060; *State v. Balto. & O. R. Co.,* 117 Md. 285, 83 A. 166; *Baltimore v. Lobe,* 90 Md. 310, 45 A. 192; *United Railways Co. v. Cloman,* 107 Md. 689, 69 A. 379." There it was held that a statement made by defendant's employees, while a fire which damaged plaintiff's property was still burning, that "they started the fire and it had gotten beyond their control," was admissible as a part of the *res gestae.* In this case the statement was made by the truck driver while the truck was still in plaintiff's yard, and when the water from the broken valve was still flooding its premises. The two cases cannot be distinguished, and no further citation of authority is needed to sustain the conclusion that the statement was properly admitted in evidence.

Finding no error in the rulings of which the appellant complains, the judgment will be affirmed.

*Judgment affirmed with costs.*

BOND, C. J., filed a separate opinion as follows:

The statement of the truck driver seems to me not to have been admissible in evidence as part of the *res gestae. Noel Construction Co. v. Armored Concrete Co.,* 120 Md. 237, 245, 87 A. 1049; *Pinkerton v. Slocomb,* 126 Md. 665, 673, 95 A. 965; *Balto. & O. R. Co. v. State, use of Allison,* 62 Md. 479, 482; *Grzboski v. Bernheimer-Leader Stores,* 156 Md. 146, 148, 143 A. 706; 7 *Labatt, Master & Servant,* secs. 2535 and 2549. But it seems so little likely to have caused harm, that its admission would not justify a reversal for correction. In all other respects I agree.