CATHERINE BOYD v. DR. CHARLES M. KISTLER.

(Filed 20 June, 1967.)

**1. Physicians and Surgeons § 16—**

The doctrine of *res ipsa loquitur* does not apply in malpractice cases and a showing of an injurious result is not enough, but plaintiff must offer proof of facts and circumstances which permit a legitimate inference of actionable negligence on the part of the physician, surgeon, or dentist.

**2. Same—**

Plaintiff's evidence tended to show that plaintiff entered a hospital for oral surgery and new dentures, that while she was under anesthesia defendant dentist completed the work, that after the operation she discovered a red mark on her left lip running to her cheek, which mark developed into a permanently disfiguring scar, and that the red mark corresponded to an arm of the prop used to keep her mouth open during the operation. *Held:* Nonsuit was correctly allowed, there being no evidence as to when or how the injury occurred and who caused it.

APPEAL by plaintiff from *Mallard, J.,* Second October 1966 Civil Session, WAKE Superior Court.

The plaintiff, Catherine Boyd, instituted this civil action for damages against the defendant, Dr. Charles M. Kistler, alleging the

damages were proximately caused by the defendant's negligence. In substance, the plaintiff alleged that she employed the defendant as her dentist, "to extract all of the plaintiff's teeth and replace them with artificial . . . dentures." During the process of extraction and replacement, the plaintiff was under anesthesia.

"That while the defendant was performing the aforesaid extraction and replacement of the plaintiff's teeth he negligently injured the outside area of plaintiff's lip and cheek by bruising, burning or lacerating the same, the same being an area outside of the work the defendant was employed to perform and an area where the defendant had no right, authority, or reason to work."

The plaintiff further alleged the injury resulted in a permanently disfiguring and repulsive scar which caused embarrassment.

By answer, the defendant admitted the relationship of dentist and patient, the contract to remove and replace the plaintiff's teeth, and his performance of that undertaking. All other allegations were denied.

The plaintiff testified her regular physician found all her teeth were bad and should be removed. She employed the defendant to do the extraction and the fitting of the artificials. Dr. Kistler, in his office on different occasions, extracted her back teeth two or three at a time. However, he had her admitted to Rex Hospital so that the front teeth might be removed and an artificial plate fitted while she was under anesthesia. At the hospital, Dr. Gaskin administered the anesthetic. The plaintiff testified she realized that a mouth prop would be used to keep her mouth open while she was asleep so that the extraction could be made and the new dentures fitted. "I have seen the mouth prop. The outside arm fits similar to the scar on my face." The plaintiff went to the operating room about 7:30 in the morning. The work was completed about 10:30.

After the plaintiff regained consciousness, her mouth was sore. A red streak on her lip and cheek was irritated or burned. After treatment by the application of ointment, a scab formed which, when removed, left a permanent scar. The plaintiff was the only witness who testified in the case. At the close of her testimony the Court, on defendant's motion, entered judgment of involuntary nonsuit, from which plaintiff appealed.

*Yarborough, Blanchard, Tucker & Yarborough by Irvin B. Tucker, Jr., for plaintiff appellant.*

*Smith, Leach, Anderson & Dorsett by John H. Anderson and C. K. Brown, Jr., for defendant appellee.*

HIGGINS, J.   This action is unusual by reason of what the complaint does not allege and what the evidence does not disclose. The complaint does not charge or suggest the defendant lacked the requisite degree of learning, skill, or ability ordinarily possessed by dentists in the vicinity of Raleigh; or that he failed to exercise reasonable care and diligence in the use of these requisite qualities in the treatment of the plaintiff's case; or that he failed to use his best judgment in that treatment. She simply alleged that the defendant contracted to remove her teeth and fit new dentures and that in performing these duties ". . . he negligently injured the outside area of (her) lip and cheek by bruising, burning or lacerating the same." Significantly, she alleges her injury was disassociated from the work the defendant was employed to do. On the contrary, she alleged her injury was outside the area involved in removing and replacing teeth.

The plaintiff testified she went to the operating room at 7:30 in the morning, Dr. Gaskin administered the anesthetic, the work was completed and she left the operating room around 10:30 in the morning. The old teeth were out and the replacements were in. The left side of her face was burning. "I was able to look in the mirror that afternoon at about 3:00. I saw a red mark . . . on my . . . left lip running to the cheek." Dr. Kistler prescribed a white salve treatment. A scab developed which came off, leaving a scar. The plaintiff does not know what caused the red streak, whether bruise, burn, or laceration. She does not know how she received this injury or the agency that caused it. She knows it was not there when she entered the operating room. It was there at 3:00 in the afternoon. The prop used to keep the mouth open while she was unconscious had an arm outside the mouth which appeared to fit the scar and may have caused it. The plaintiff fails to offer evidence that the device was defective or that its use was not entirely proper in her case.

In the cases which this Court has said should go to the jury, the evidence disclosed much more than appears in this case. In *Pendergraft v. Royster*, 203 N.C. 384, 166 S.E. 285, the evidence permitted the inference the operating surgeon had left a part of a broken drainage tube in the body of the patient after the operation. In *Covington v. James*, 214 N.C. 71, 197 S.E. 701, the plaintiff alleged and offered evidence which permitted the inference the defendant, in treating the plaintiff for a simple fracture of a small bone in the leg, negligently broke a larger bone and failed to discover this break and remedy it until the break had abscessed and had passed the reuniting and healing stage. In *Mitchell v. Saunders*, 219 N.C. 178, 13 S.E. 2d 242, the surgeon had left a gauze absorption sponge in the

body when he closed the incision. In *Buckner v. Wheeldon,* 225 N.C. 62, 33 S.E. 2d 480, the physician put a cast on a broken leg without removing the dirt and sand from an exposed broken bone which had protruded through the flesh. Later, abscess developed, disclosing the presence of the dirt and sand in the wound which had been enclosed in a cast. In *Shearin v. Lloyd,* 246 N.C. 363, 98 S.E. 2d 508, the recovery was denied because the action was barred by the statute of limitations.

To warrant the submission of a malpractice case to the jury, there must be proof of facts or circumstances which permit a legitimate inference of actionable negligence on the part of the physician, surgeon, or dentist. A showing of an injurious result is not enough. "The doctrine of *res ipsa loquitur* cannot be relied on to supply deficiencies in the proof." *Watson v. Clutts,* 262 N.C. 153, 136 S.E. 2d 617; *Hunt v. Bradshaw,* 242 N.C. 517, 88 S.E. 2d 762; *Hawkins v. McCain,* 239 N.C. 160, 79 S.E. 2d 493; *Grier v. Phillips,* 230 N.C. 672, 55 S.E. 2d 485; *Smith v. Wharton,* 199 N.C. 246, 154 S.E. 12. Parker, C.J., in *Belk v. Schweizer,* 268 N.C. 50, 149 S.E. 2d 565, and Lake, J., in *Galloway v. Lawrence,* 266 N.C. 245, 145 S.E. 2d 861, have analyzed and discussed our decisions in malpractice cases and have fully documented the decisions, by citation of authorities from this and other jurisdictions.

The plaintiff alleged and testified she entered the hospital for oral surgery and new dentures. After she was already asleep, Dr. Kistler completed, to the plaintiff's satisfaction insofar as the record discloses, the services which he had undertaken to render. Several hours later, she had a red streak on her lip and cheek. What or who caused it, the record does not disclose. By investigation, the plaintiff surely could have obtained evidence as to when and how the injury occurred and who caused it. No doubt the plaintiff's able counsel knew of their right to make inquiry by adverse examination of witnesses and the examination of documents.

The plaintiff did not offer evidence sufficient to entitle her to have the jury consider it. Nonsuit was required and judgment to that effect is

Affirmed.