KNIPPENBERG *v.* WINDEMUTH, ET UX.

[No. 115, September Term, 1967.]

*Decided March 5, 1968.*

160

The cause was argued before HAMMOND, C. J., and HOR-NEY, MARBURY, BARNES, MCWILLIAMS, and SINGLEY, JJ.

*John C. Sullivan* for appellant.

*J. Frederick Sharer,* with whom were *Wilson & Sharer* and *William L. Wilson* on the brief, for appellees.

HAMMOND, C. J., delivered the opinion of the Court.

On July 2, 1965, the appellant drove home for lunch in his 1956 car and, having parked it at the curb of a street having a relatively steep grade, started into his house close by. Then he remembered that on the front seat he had left some tonic — whether medicinal or an accessory to an alcoholic beverage is not revealed by the record. He went back to the car, opened the door, reached in, took out the tonic and started walking toward his house. Ten or fifteen seconds later he heard "a thump" or "a thud" and observed that his car had left its parked position, "made a direct turn right in the center of the street" and gone over the opposite curb and down a steep embankment, and had come to rest on the property of the appellees, wedged between a retaining wall and their house.

At the trial below the householders testified to the traumatic experience of having the appellant's automobile crash into their house (the husband was asleep in bed at the time after working the night shift), as to the damage to their property and to the fact that the appellant at the time said he would pay for the damage done. The appellant then testified that when he parked his car he turned his wheels towards the curb, turned off the ignition, removed the key, and manually pulled on the hand brake, which he thought was "on the drive shaft." The 1956 car had no parking gear. He had had the brakes checked by a mechanic some three months before the occurrence. He offered no

testimony as to the condition of the brakes after the accident

The trial judge denied appellant's motion for a directed verdict and the jury, quite understandably, returned a verdict for the householders. Appellant then moved for a judgment n.o.v. or a new trial and the trial judge denied his motion. This appeal followed.

Appellant says the householders offered no evidence of negligence on his part, merely having shown that an accident occurred which is not enough.

We think appellant misconceives the effect of the proof. The mere occurrence of an accident involving a motor vehicle or an injury inflicted by a motor vehicle does not make applicable the doctrine of res ipsa loquitur, but if the accident or injury is one which ordinarily would not result without negligence on the part of the operator of the vehicle the doctrine may come into play. It will come into play if the facts are so clear and certain that the inference arises naturally from them that the operator must have been negligent.

Where the vehicle and its handling were within the sole control of its operator and the occurrence is one which ordinarily would not occur unless the vehicle was defective or negligently handled, an inference of negligence sufficient to meet the plaintiffs' burden of proof before the jury and to sustain a verdict against the defendant arises and requires the defendant to go forward with the evidence. The defendant cannot avoid the impact of the doctrine of res ipsa loquitur by the mere contradiction of the plaintiffs' testimony or by the assertion that he took every precaution to avoid the occurrence; this merely leaves the matter for the jury to decide. These propositions are established by *Brehm v. Lorenz,* 206 Md. 500, 507-08; *Shirks Motor Express v. Oxenham,* 204 Md. 626; *Hickory Transfer Co. v. Nezbed,* 202 Md. 253, and the cases cited in these opinions.

In *American Express Co. v. Terry,* 126 Md. 254, 261, an unattended parked truck started down grade. There was precluded, as there was in the case now before us, the possibility that an intervening actor had caused the vehicle to start (*cf. Johnson v. Jackson,* 245 Md. 589, 593-94) and the Court held that the evidence was enough to permit an inference of negligence "which the defendant was bound to rebut or overcome." In the *Nezbed*

case, Chief Judge Sobeloff, for the Court, said (at page 262 of 202 Md.) :

> "When a vehicle leaves a highway and crashes into a building, or a pedestrian on a sidewalk, the injured party may show the happening of the event and rest. In lieu of direct proof of negligence he may rely on the inference of negligence to be deduced from all the circumstances. In such a case it is said 'the thing speaks for itself', or *res ipsa loquitur*. The burden of proof does not shift; but the defendant then has the obligation to go forward with his proof, which is sometimes called the risk of non-persuasion."

In *Shirks* we said (at page 632 of 204 Md.) :

> "Here the tractor-trailer admittedly was under the exclusive control of the defendant, and a vehicle moving down the street ordinarily does not hit a parked car if proper care is exercised. This Court has held that the doctrine [of res ipsa loquitur] may be applicable in the case of a motor vehicle."

*See also* 2 Restatement *Torts* 2d § 328D Comment f (1965) and Annot., Liability for Injury or Damage Caused by Accidental Starting up of Parked Motor Vehicle, 16 A.L.R. 2d 979, 993-95 (1951).

In our view there was no error either in sending the case to the jury or in denying appellant's motion for judgment n.o.v.

*Judgment affirmed, with costs.*