810 A.2d 494

Jose **ANDRADE,**

v.

**Shanaz HOUSEIN, et al.**

**No. 751, Sept. Term, 2001.**

Court of Special Appeals of Maryland.

Oct. 8, 2002.

Reconsideration Denied Dec. 12, 2002.

618

Richard W. Galiher (Galiher, Clarke & Galiher, on the brief), Rockville, for appellant.

Andrew B. Greenspan, Annapolis, for appellee, Housein.

Patrick L. Jones (David L. Hendricks & Associates, on the brief), Lanham, for appellees, Ciro Castro and Ciro Panameno.

Argued before MURPHY, C.J., SONNER and JAMES S. GETTY (Ret'd, Specially Assigned), JJ.

JAMES S. GETTY, Judge, Retired, Specially Assigned.

In this non-jury trial, the judge in the Circuit Court for Montgomery County concluded that the testimony established that an accident occurred, but that the mere happening of an accident is not evidence of negligence. We agree with the general proposition recited by the court, but it is inapplicable to this case. This is not a "mere happening of an accident" scenario.

### Facts

The undisputed facts establish that José Andrade, appellant herein, stopped his vehicle at an intersection, waiting for traffic to clear before making a right turn. He was stopped for twenty to thirty seconds when his vehicle was struck in the rear by a vehicle driven by Ciro Panemeno, the appellee, who was following appellant.

Appellant and appellee were friends and their destination was a shopping center. The impact drove appellant's vehicle four to six feet into the intersecting road. Appellant's vehicle was damaged in the rear, and appellee had damage to the front of his vehicle. After the collision, appellee backed into the car directly behind him, driven by Shanaz Housein. The court dismissed Housein as a defendant after she testified that the damage to the front of her car was from an earlier accident, not from Panemeno backing into her.[1] She was not involved in the collision between appellant and appellee.

In her deposition, Housein stated that she thought appellee and appellant were "playing around" at the intersection. Appellant denied that he was engaged in such conduct. He

---

1. We approve the trial court's dismissal of Shanaz Housein as a party.

testified that he had neck injuries and received medical treatment for several months.

Appellee did not appear at trial. His counsel filed a motion for judgment at the conclusion of appellant's case, which the court initially granted, stating:

Clearly, what happened was an accident. There is not evidence of negligence. As far as the court is concerned, there has been no proof of negligence at all. Nobody saw what happened.

The only thing I have is a rear end collision between Mr. Andrade's car in the front and Mr. Panemeno's car to the rear of him. They did bump one another, or actually Mr. Panemeno did bump Mr. Andrade. That is the state of the evidence at this time, but all that has shown to me is that an accident occurred, and I have nothing else.

Nobody saw him following too closely, we do not have any skid marks indicating perhaps speed. I do not know the distance that these cars were following one another. I have no indicia of negligence whatever.

All we have is the happening of an accident. I will grant the motion.

Thereafter, following additional argument, the court "reserved on the judgment." The defendant, Panemeno, did not present any evidence, and the court granted the motion to dismiss a second time without further explanation.

### Discussion

In considering the trial court's ruling on a motion for judgment at the end of the plaintiff's case, or at the end of the entire case, this Court is required to assume the truth of all evidence tending to sustain the party against whom the motion is granted, as well as all inferences of fact reasonably and fairly deducible therefrom. The trial court's conclusion that "all we have is the happening of an accident," as an abstract proposition, is not incorrect. Applying that conclusion to the unexplained collision of two motor vehicles, however, is valid only when considered in a factual vacuum giving no consider-

ation to the surrounding facts and circumstances. The known facts of this case give rise to a presumption of negligence, which was not rebutted.

### *The Law*

■ Having reviewed the case law relevant to the known facts herein, we find that automobile collision cases dealing with presumptions and inferences frequently become embroiled in discussions of whether the term *res ipsa loquitur* is applicable. The expression has been referred to as a "maxim," a "doctrine," and "merely a common argumentative expression of ancient Latin .... Nowhere does it mean more than the colloquial English expression that the facts speak for themselves ...." The latter definition comes from Chief Judge Bond's dissent in *Potomac Edison Co. v. Johnson*, 160 Md. 33, 40, 152 A. 633 (1930). Lest there be any confusion, our decision in this case does not rest upon the application of *res ipsa.*

*Ristaino v. Flannery*, 317 Md. 452, 564 A.2d 790 (1989), while factually inapposite, is instructive. The issue in *Ristaino* was whether it was reversible error to instruct the jury that the mere happening of an accident creates no presumption of negligence on the part of the defendant when the manner in which the accident happened does indeed create a rebuttable presumption of negligence. Judge Rodowsky stated for the Court that giving the mere happening instruction was reversible error, in that the two instructions, mere happening and *prima facie* negligence, were confusing and inconsistent. The Court recognized, however, that a rebuttable presumption of negligence may arise from the facts presented in a motor vehicle collision.

The trial court in the present case was not instructing a jury, but, in deciding whether there was any evidence of negligence, the court overlooked the fact that in cases such as this the mere happening operates only on an abstract level. What the trial court failed to consider was that the primary fact, the rear-end collision, was uncontroverted, which sup-

ports an inference or presumption of negligence. The court knew what happened, what it did not know was why.

■ We note from the record that the appellant cited two sections of the Transportation Article, which appellee allegedly violated: Sec. 21–310 and Sec. 21–901.1(b)—following too closely and negligent driving. In the absence of some explanation by appellee, either section supports an inference or presumption of negligence. Thus, the trial court's grant of judgment for appellee based upon the court's conclusion that no negligence was shown was clearly erroneous, because it may be inferred from the mere happening of an accident, when considered in connection with the circumstances surrounding it, that it was due to a breach of some duty on the part of the person controlling it. *Pindell v. Rubenstein*, 139 . Md. 567, 578, 115 A. 859 (1921). *See also Sun Cab v. Cusick*, 209 Md. 354, 360, 121 A.2d 188 (1956) (stating that if a violation of a motor vehicle statute is determined to be the proximate cause of an accident, a *prima facie* case is created placing the burden on the defendant to explain what only he may know).

■ Whether a presumption of negligence arises from the mere happening of an accident is best illustrated by the following quote from *State of Maryland, for the Use of Joseph M. Thompson v. Emerson & Morgan Coal Co., Inc.*, 150 Md. 429, 133 A. 601 (1926).[2]

> Where an accident is caused by the operation of some instrumentality in the exclusive control of defendant, for which no explanation can be offered by the plaintiff, under circumstances which involve a breach of duty on defendant's part to avoid injuring plaintiff through the operation of such instrumentality, a presumption of negligence arises from the happening of the accident.

---

**2.** The case involved the death of a pedestrian from the collapse of a coal chute. We quote it solely for the discussion of presumption of negligence, which is relevant to the present case.

■ We conclude that a true evidentiary presumption of negligence arises where a motor vehicle is lawfully stopped on a highway awaiting for traffic to clear before entering an intersecting highway and that vehicle is suddenly struck from behind by another vehicle, resulting in personal injuries and property damage to the driver and the front vehicle. *See* McClain, *Maryland Evidence*, sec. 301.1(e) (1987). From that presumption, a trier of fact may reasonably infer negligence on the part of the driver of the following vehicle.

■ The presumption, however, is rebuttable. The procedural consequences, once a *prima facie* case is established, require that the person against whom the presumption is directed assume the burden of going forward with the evidence, but the burden of persuasion remains with the plaintiff. The risk to a defendant (appellee herein) in not attempting to rebut the presumption of negligence is that the court may direct a verdict for the plaintiff. *See McCormick on Evidence*, sec. 342 at 965 (3rd Ed.1984).

### Conclusion

The appellant established a *prima facie* case of negligence on the part of appellee. In the absence of any reasons by the appellee contradicting the primary fact, the violation of the rules of the road, or the presumption, there is no issue about appellee's negligence.[3] The trial court, therefore, erred as a matter of law in entering judgment for the appellee.

**JUDGMENT REVERSED. REMANDED TO CIRCUIT COURT FOR MONTGOMERY COUNTY FOR NEW TRIAL.**

**COSTS TO BE PAID BY APPELLEE.**

---

**3.** The burden of proof in these cases remains with the plaintiff. Once a *prima facie* case is established, however, the defendant has the burden to overcome the presumption of negligence. *See Miller v. Mullenix*, 227 Md. 229, 233, 176 A.2d 203 (1961).